## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**DAHVED M. LILLACALENIA**                                                                          **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 3:14CV-151-H**

**KIT FEDERAL CREDIT UNION**                                                                         **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Dahved M. Lillacalenia, a Kentucky resident who is proceeding *pro se* and *in forma pauperis*, filed suit against Kit Federal Credit Union, with its office located in Kentucky. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. STATEMENT OF CLAIMS

On the complaint form, as grounds for filing this case in federal court, Plaintiff indicates: "Violation to Constitutional Rights Sections: 1-2 & 11 Abuse of Pub trust (KRS 522.050) – (KRS.522.040) – (522.050) Violation to USC Sec(s): 12 USC 504 & 505 – 18 USC 892 thru 894 Amendment #1." On his attached civil cover sheet, he cites to "18 USC § 656" for "Illegal Banking/Non Requested Service."

Plaintiff reports that he opened an account with Kit Credit Union for himself and his father, over whom he had "POA" (presumably standing for power of attorney). He states that after his father's death, the accounts "were negative in balance by Kit, - As Kit stated that they sent monies back to SSI Leaving the Plaintiff's account in a state which he owes the Bank Due to there unrequested loan of funds." He continues that the "entity which Kit Depleated the Account for was prviously contacted with a Letter of Explination – And Kit should had not Released Any

funds or controlled the Plaintiff's personal and fathers funds, with out request of that Kind of assistance." Plaintiff claims that he had "$140.00 of personal funds confiscated by the Bank, not the Gov. – Kit is not a Gov. entity. The Account is in the Negative $600. In the negative Due to Kit's Actions."

As relief, Plaintiff requests an apology and return of "personal funds" and seeks $500,000.00 "or what the Courts find lawful as resolve for violations." He also asks that Kit be informed that "Checking and Saving's Accounts are not in lue of Loaning Services which are not requested" and be informed that "the situation was under controll with out their asistance."

## II. STANDARD OF REVIEW

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Federal-law claims

*12 U.S.C. §§ 504-505*

Sections 504 and 505 of Title 12 of the United States Code are part of the Federal Reserve Act and provide for civil money penalties against "any member bank" and "any institution-affiliated party," which violates certain provisions of Title 12 (§§ 371c, 371c-1, 375,

3

375a, 375b, 376, 503, 504, 505) or any regulation issued pursuant thereto. 12 U.S.C. §§ 504, 505. Plaintiff does not specify any provision which he maintains has been violated. Moreover, he fails to show that he, as an individual, may maintain an action under either of these civil penalty provisions as any penalty imposed under §§ 504 and 505 shall be assessed and collected by either the Comptroller of the Currency or the Board, 12 U.S.C. §§ 504(e), 505(5), and all penalties collected "shall be deposited into the Treasury." 12 U.S.C. §§ 504(g), 505(7).

For these reasons, the Court will dismiss Plaintiff's claims under §§ 504 and 505 for failure to state a claim upon which relief may be granted.

*18 U.S.C. §§ 656, 892-894*

These statutes—656 (theft, embezzlement, or misapplication by bank officer or employee), 892 (making extortionate extensions of credit), 893 (financing extortionate extensions of credit), and 894 (collection of extensions of credit by extortionate means)—are federal criminal statutes that do not create a private right of action. *See Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (finding no private right of action under § 656) (citing *United States ex rel. Nagy v. Patton*, Misc. Action No. 11-267, 2012 WL 1858983, at *2 (E.D. Pa. May 22, 2012)); *Shipp v. Donaher*, CIV.A.09-2475, 2010 WL 1257972 (E.D. Pa. Mar. 25, 2010 (concluding that § 893 does not contain a private right of action); *Bey v. Nissan Motors Acceptance Corp.*, No. 92-2149, 1992 WL 174730 (E.D. Pa. July 21, 1992) (finding no private claim for relief under §§ 892 and 894), *aff'd*, 983 F.2d 1049 (3d Cir. 1992). Additionally, Plaintiff as a private citizen may not enforce the federal criminal code. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004).

For these reasons, any claims arising under §§ 656 and 892-894 must be dismissed for failure to state a claim upon which relief may be granted.

*First Amendment*

Plaintiff also cites the First Amendment.[1] He does not state, however, any factual allegations which support a First Amendment claim. Consequently, that claim must be dismissed.

**B.      State-law claims**

Plaintiff alleges violations of the Kentucky Constitution[2] and several Kentucky statutes. Specifically, he alleges the violation of "Constitutional Rights Sections: 1-2 & 11[3] Abuse of Pub trust (KRS 522.050) – (KRS.522.040) – (522.050).[4] Because Plaintiff's federal claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Moreover, because Plaintiff fails to indicate that he and Defendant are

---

[1]Under the First Amendment, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

[2]In the complaint, Plaintiff alleges "Violation to Constitutional Rights Sections: 1-2 & 11." Because the U.S. Constitution contains "Amendments" and the Kentucky Constitution contains "Sections," the Court construes his purported violations under "Sections: 1-2 & 11" to be claims under the Kentucky Constitution.

[3]Section 1 of the Kentucky Constitution provides for "Rights of life, liberty, worship, pursuit of safety and happiness, free speech, acquiring and protecting property, peaceable assembly, redress of grievances, bearing arms"; Section 2 is entitled "Absolute and arbitrary power denied"; and Section 11 pertains to the rights of accused in criminal prosecution and change of venue in prosecutions.

[4]Sections 522.040 (misuse of confidential information) and 522.050 (abuse of public trust) of the Kentucky Revised Statutes are criminal statutes within the Kentucky Penal Code.

citizens of different states, *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."), he cannot establish diversity jurisdiction under 28 U.S.C. § 1332.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*
 Defendant
4412.005